Nov. Term,
1848.

HORNEY
v.
SLOAN.

*S. A. Huff*, for the plaintiff.

*A. M. Crane* and *E. H. Brackett*, for the defendants.

(1) See 8 Blackf. 571.

---

HORNEY *v.* SLOAN.—In error.

REPLEVIN for the taking and detention of two sows alleged to be the property of the plaintiff. The defendant pleaded specially a purchase of the sows at a sale by the marshal of the city of *Richmond*, under an ordinance to prevent swine running at large. The plaintiff replied that he was not, and never had been, a resident of the city of *Richmond*, but that he was a resident of the county of *Wayne*, without the corporate limits of said city; that there was a continuous highway between said plaintiff's residence and said city; that said sows were by him suffered to run at large on the public highways in the neighborhood; and that, if they came within the limits of said city, it was without his knowledge, &c. The Court held this replication to be bad, and gave judgment for the defendant on demurrer.

*Held*, that there can be no doubt that, as a general rule, and in the absence of any special legislative restraint, strangers, as well as citizens, are bound by the ordinances and by-laws of a municipal corporation. We do not think there is anything in the general estray law, or any other law, of the state that is in conflict with the ordinance set out

in the plea, or that exempts the property of persons who do not reside within the city from its operation. 4 Ohio R. 427.—10 id. 173.

The judgment is affirmed with costs.